Howe, J.
On the 12th of June, 1866, judgment was rendered in this case in favor of the plaintiff by the court a qua, for the sum of three hundred dollars, with eight per cent, interest from the 21st February, 1862, until paid, and costs.
On the 13th of June, 1866, the defendant appealed, and on the 7th of November, 1866, the transcript of appeal was filed in this court.
The plaintiff now moves to dismiss the appeal, on the ground that the amount of the judgment is not sufficient to confer jurisdiction on this court.
By the Oonstitution of 1868, article 71, the jurisdiction of the Supreme Court in civil matters extends to “all cases where the matter in dispute shall exceed five hundred dollars, and to all cases in which the constitutionality or legality of any tax, toll or impost of any kind or nature’ whatsoever, or any fine, forfeiture, or penalty imposed by a municijial corporation, shall be in contestation, whatever may . be the amount thereof. ”
It is admitted that the case at bar, being an ordinary judgment oii. promissory notes, is not one of those included in this enumeration, bill it is contended on behalf of the appellant that inasmuch as1 he had the ’ right to appeal on the 13th of June, 1866, and took his appeal, his rights as an appellant became “vested rights,” which the Constitution of 1868, could not lawfully, take away.
*534 In our opinion this view is erroneous. Even if a vested right exist, as claimed, (which we are by no means ready to admit,) it may have been lawfully taken away by a new constitution, provided the obligations of a contract were not impaired.
A prohibition which would control the people of the State in this regard, if in existence, would be found in the Constitution of the United State?, but that instrument will be searched in vain for any such limitation on the popular will.
A State Constitution may be retrospective in its operation, and may divest vested rights, yet if it do not impair the obligations of a contract or partake of the character of an ex post facto law, it will not contravene the Constitution of the United States. Satterlee v. Matthewson, 2 Peters, 380. Charles River Bridge v. Warren Bridge, 11 Peters, 420.
It will be readily perceived, that the prohibitions contained in the Constitution, article 110, respecting vested rights, are addressed only to the government organized under the Constitution, and cannot be deemed to control the’ people in framing and adopting the constitution itself.
It has been urged again, that the right to prosecute the appeal in this and similar cases has been preserved by articles 149 and 151, of the new Constitution; the former of which provides that all rights, actions, prosecutions, claims, contracts, and all laws in force at the time' of the adoption of this Constitution, and not inconsistent therewith, shall continue as if it had not been adopted,” etc., etc.; and the latter of which directs that “the General Assembly shall provide for the removal of causes now pending in the courts of this State to courts created by and under this Constitution.” We cannot assent to this doctrine, but on the contrary, we think it i? clear, that the right of appeal in this case is one that is “inconsistent” with the terms of the new Constitution, and is not continued by article 149, and that article 151 cannot save it. It is true that by the latter article the Legislature is required to provide for the 'removal of causes pending in the late Supreme Court to the present Supreme Court, and has done so; but neither this injunction, nor its fulfilment seem to affect the jurisdiction of this court. The causes have been transferred, the records are on file in this court, and it seems clear that the question whether the cause shall be tried or dismissed, must be determined by article 74.
It is indeed urged in the discussion of this subject, that if this court has no jurisdiction by reason of the insufficiency of the amount in dispute, it can make no order in the case, and therefore, cannot make an order dismissing the appeal. This theory is ingenious, but unsound. A court can always say that it has no jurisdiction of a case, and dismiss it with costs. In this respect we can perceive no difference between a case transferred to us by an act of the Legislature in compliance with the constitutional command, and a case brought to us by an appellant, since the organization of this court.
It is therefore ordered, that the appeal herein be dismissed, with cosis.